22-12791

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

- versus -

MICHAEL BARTH,

Appellant.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

## BRIEF FOR THE UNITED STATES

JACK SMITH
Special Counsel

JEFFREY M. SMITH
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave, N.W.
Room 6500
Washington, D.C. 20530
Telephone: (202) 532-0220

**United States v. Michael Barth, Case No. 22-12791**

**Certificate of Interested Persons**

Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

American Broadcasting Company (DIS)

Associated Press

Barth, Michael S.

Bloomberg, LP

Bratt, Jay I.

Brill, Sophia

Cable News Network, Inc. (WBD)

Caramanica, Mark Richard

CBS Broadcasting, Inc. (CBS)

Dorsey, Paul

Dow Jones & Co., Inc. (DJI)

ii

Edelstein, Julie

E.W. Scripps Company (SSP)

Florida Center for Government Accountability, Inc.

Fugate, Rachel Elise

Gonzalez, Juan Antonio

King, Nellie Linn

LoCicero, Carol Jean

McClatchy Company LLC

McElroy, Dana Jane

Minchin, Eugene Branch

NBC Universal Media, LLC (CMCSA)

Morgensen, Andrea Flynn

Palm Beach Post

Reeder Jr., L. Martin

Reinhart, Hon. Bruce E.

Rosenberg, Hon. Robin L.

Rubio, Lisa Tobin

Seidlin-Bernestein, Elizabeth

Shullman, Deanna Kendall

Smith, Jeffrey Michael

Smith, John L.

The New York Times Company (NYT)

The Palm Beach Post

Times Publishing Company

Tobin, Charles David

Trump, Donald J.

United States of America

WP Company LLC

/s/ Jeffrey M. Smith
Jeffrey M. Smith

iv

## Statement Regarding Oral Argument

The United States of America respectfully suggests that the decisional process would not significantly be aided by oral argument.

## Table of Contents

Page:

Certificate of Interested Persons ................................................................ ii

Statement Regarding Oral Argument ........................................................ v

Table of Citations ................................................................................... vii

Statement of Jurisdiction........................................................................... x

Statement of the Issue ............................................................................... 1

Statement of the Case................................................................................. 1

    1.  Course of Proceedings in the Court Below ...................................... 1

    2.  Course of Proceedings in This Court............................................... 5

    3.  Standard of Review......................................................................... 6

Summary of the Argument.......................................................................... 6

Argument..................................................................................................... 7

    I.  Because the District Court Did Not Err by Denying Barth's Attempt To Intervene, the Appeal of the District Court's Order Should Be Dismissed .... 7

    II.  As This Court Has Previously Held, There Is No Jurisdiction over Barth's Recusal Claim, Which, in any Event, Lacks Merit ........................ 13

Conclusion ................................................................................................ 17

Certificate of Compliance ........................................................................ 18

Certificate of Service ............................................................................... 19

## Table of Citations

**Cases**                                                                                              <u>Page</u>:

*Alternative Research & Dev. Found. v. Veneman*,
262 F.3d 406 (D.C. Cir. 2001) ..................................................................8

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ....................................14

*Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653 (11th Cir. 1998)...6

*In re Boston's Children First*, 244 F.3d 164 (1st Cir. 2001) ..................................16

*Cary v. Curtis*, 44 U.S. (3 How.) 236 (1845) ..........................................14

*Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989)............................................9

*Compulife Software Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020) ..................15

*Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211 (1979) .............12

*In re EyeCare Physicians of Am.*, 100 F.3d 514 (7th Cir. 1996)............................12

*\*Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*,
983 F.2d 211 (11th Cir. 1993) ..................................................................3, 4, 9

*\*Fox v. Tysons Foods, Inc.*, 519 F.3d 1298 (11th Cir. 2008)................................6, 7

*Gunn v. Minton*, 568 U.S. 251 (2013) ....................................................14

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)........................14

*Kontrick v. Ryan*, 540 U.S. 443 (2004)....................................................14

*Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868) ..................................13

vii

*Media Gen. Ops., Inc. v. Buchanan*, 417 F.3d 424 (4th Cir. 2005)........................12

*In re Search Warrant for Secretarial Area Outside Office of Gunn*,
855 F.2d 569 (8th Cir. 1988) ...................................................................12

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .........................13

*Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*,
614 F.2d 958 (5th Cir. 1980) .....................................................................6

*Thermoset Corp. v. Building Materials Corp. of Am.*,
849 F.3d 1313 (11th Cir. 2017) ................................................................13

*Trump v. United States*, 54 F.4th 689 (11th Cir. 2022) ...........................14

*United States v. Ali*, 799 F.3d 1008 (8th Cir. 2015) .................................16

*United States v. Brown*, 441 F.3d 1330 (11th Cir. 2006) ........................15

*United States v. Renfro*, 620 F.2d 497 (5th Cir. 1980) ............................15

*United States v. Schultz*, 565 F.3d 1353 (11th Cir. 2009) .......................15

*United States v. Valenti*, 987 F.2d 708 (11th Cir. 1993) .........................12

*United States v. Votrobek*, 847 F.3d 1335 (11th Cir. 2017) ....................15

*Worlds v. Dep't of Health & Rehabilitative Servs.*,
929 F.2d 591 (11th Cir. 1991) ..................................................................12

*Wyatt v. Rogers*, 92 F.3d 1074 (11th Cir. 1996)......................................16

**Statutes**

28 U.S.C. § 1291 ..............................................................................13, 15

28 U.S.C. § 1292 ..............................................................................13, 15

viii

**Other Authorities**

7C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1904
(3d ed. 2007) ............................................................................................8

## Statement of Jurisdiction

The magistrate judge had jurisdiction over the underlying search warrant proceeding pursuant to Federal Rule of Criminal Procedure 41.  The district court had jurisdiction to consider objections to a magistrate judge's non-dispositive order pursuant to Federal Rule of Criminal Procedure 59.

On August 22, 2022, appellant filed a notice of appeal (DE:84) from an August 19, 2022 district court order overruling appellant's objection to the magistrate judge's order denying appellant's motion to intervene (DE:78).  Under this Court's precedent, it has "provisional jurisdiction" to review the district court order pursuant to the "anomalous doctrine."  *Fox v. Tysons Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008); *see also infra* Argument Part I.  This Court held as much in its Order of October 5, 2022 in this case.

In his brief to this Court, appellant also seeks this Court's review of his argument that the magistrate judge should have recused himself.  *See* Br. 1.  This Court correctly dismissed that claim for lack of jurisdiction in its Order of October 5, 2022.  As there is no order from the district court, this Court lacks jurisdiction over that claim.  And, in any event, the denial of a motion for recusal is not subject to interlocutory appeal.  *See infra* Argument Part II.

x

## STATEMENT OF THE ISSUE

Whether the district court erred when it overruled appellant's objection to the magistrate judge's order denying appellant's motion to intervene in a search warrant proceeding.

## STATEMENT OF THE CASE

### 1.    Course of Proceedings in the Court Below

On August 5, 2022, Magistrate Judge Reinhart issued a search warrant for the search of property in Palm Beach owned by former President Donald Trump.  DE:1, 57.  On August 10, 2022, after the Palm Beach search had received substantial notoriety, Judicial Watch, Inc., filed a motion to unseal the search warrant materials, including the search warrant affidavit.  DE:4.  That same day, the magistrate judge issued an order requiring the government to respond by 5:00 pm on August 15, 2022. DE:5.

From August 10 to August 12, 2022, numerous organizations filed motions seeking to intervene to argue for disclosure of search warrant materials.  *See* DE:9, 20, 22, 23, 30, 31, 32, 33.  By the end of the day on August 12th, the magistrate judge had granted motions for intervention from The New York Times, CBS News, The Washington Post, CNN, NBC News, Scripps, The Palm Beach Post, the Miami

1

Herald, the Tampa Bay Times, The Wall Street Journal, the Associated Press, and the Florida Center for Government Accountability, Inc.  DE:11, 26, 35.

On August 16, 2022, appellant Michael Barth filed a letter seeking to "intervene for the limited purpose of miscellaneous relief to unseal all the remaining documents (including the Court's notes), related to the sealed search warrant executed" in this case.  DE:62.  The next day, the magistrate judge denied Barth's motion to intervene, finding that the "interests asserted by [Barth] are adequately represented by the media-intervenors."  DE:64.

A day later, on August 18, 2022, Barth filed a letter asking the district court to "accept this letter memorandum in support of the undersigned Rule 72 Motion for a District Judge to review an Order of the Honorable Magistrate Judge Bruce E. Reinhart in the above-referenced matter, Judge Recusal, and to File these Pleadings as Consistent with the Rules of Court."  DE:70.  Barth attached a proposed brief (DE:70-3) replying to the government's brief in response to the motions to unseal the search warrant materials (DE:59).  Barth's four-page proposed brief did not contain any citations to cases, statutes, or other legal authorities.  Instead, eleven

times, the brief made assertions followed by the phrase "References omitted." DE:70-3, at 1-4.

That same day, the magistrate judge held a hearing on the various requests to unseal the search warrant affidavit (DE:86), as the other search warrant materials had already been unsealed at the government's request, *see* DE:81. Attorneys for the media-intervenors, Judicial Watch, and the Florida Center for Government Accountability argued vigorously for unsealing to the extent the law requires and urged the magistrate judge to impose the burden on the government to justify any redactions. *E.g.*, DE:86 at 26-30. The government argued that it should not have to release the affidavit even in redacted form. *See id.* at 10-15.

The next day, August 19, the district court (Hon. Robin L. Rosenberg) issued an order that it characterized as overruling Barth's objections to the magistrate judge order denying Barth's motion to intervene. DE:78. The district court stated that it had construed Barth's "Rule 72 Motion" to be an argument that the magistrate judge erred in denying Barth's request to intervene in the case. *Id.* at 1. The district court held that it would "presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objection as the party seeking intervention." *Id.* (quoting *Fed. Savings & Loan Ins. Corp. v. Falls Chase*

3

*Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993)). The district court further held that "[a]dequate representation exists when 'no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty.'" *Id.* (quoting *Fed. Savings & Loan*, 983 F.2d at 215)).

Applying this Court's precedent to the facts before it, the district court concluded that "under both an abuse of discretion and *de novo* standard of review," the magistrate judge's "decision was correct." *Id.* at 2. The district court explained:

> [T]he Court concludes that the parties who have been permitted intervention in this matter—various outlets of the national news media—have thoughtfully and professionally litigated their position. This Court can therefore conclude with certainty that the interests of the *pro se* Movant are adequately represented. There is no evidence of collusion between the media outlets in this case and the Government, there is no adverse interest between the media outlets and the *pro se* Movant, and the media outlets have not failed in the fulfillment of their duty. The media outlets seek the same relief that the *pro se* Movant does, and they have adequately litigated on behalf of their shared relief with the Movant.

*Id.*

Indeed, the intervenors succeeded in obtaining an order requiring the disclosure of the search warrant affidavit, with redactions to protect "(1) the identities of witnesses, law enforcement agents, and uncharged parties, (2) the

4

investigation's strategy, direction, scope, sources, and methods, and (3) grand jury information protected by Federal Rule of Criminal Procedure 6(e)." DE:94 at 1; *see also* DE:80.

## 2.    <u>Course of Proceedings in This Court</u>

Barth filed a notice of appeal on August 22, 2022. DE:84.[1]  On approximately August 24, 2022,[2] Barth filed a brief in this Court arguing (1) that the district court erred in overruling his objections to the magistrate judge's order denying his motion for intervention, and (2) that the magistrate judge should have recused.  On October 5, 2022, this Court issued an Order, *sua sponte*, dismissing the latter argument for lack of jurisdiction while holding that the former argument "may proceed."  Oct. 5, 2022 Order 1-2.  Regarding the recusal claim, the Court ruled that it was not proper on appeal because the issue had not been "explicitly addressed in a judgment or

---

[1] Barth subsequently filed two additional notices of appeal, which were docketed by this Court as Case Numbers 22-12932 and 22-13061.  This Court, *sua sponte*, dismissed both appeals for lack of jurisdiction.  See Order at 1-2, No. 22-12932 (Nov. 9, 2022); Order at 1-2, No. 22-13061 (Nov. 1, 2022).  The only district court order that Barth has sought review of in any of his appeals is the August 19, 2022 order regarding intervention.

[2] Barth's brief was received by the Court on August 23, 2022 (before the Court had docketed the appeal) and entered on the docket by the Court on August 24, 2022.

5

order." *Id.* at 1 (citing *Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998)).  The Court further held that, even if there were such an order, it would not be reviewable in an interlocutory appeal.  *Id.* (citing *Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960-61 (5th Cir. 1980)).

On October 21, 2022, this Court issued another *sua sponte* Order dismissing this appeal for want of prosecution because Barth had failed to file an appendix.  On November 29, 2022, after Barth filed an appendix, the Court granted Barth's motion to reinstate the appeal.

**3.**    **<u>Standard of Review</u>**

This Court reviews a district court's denial of a motion to intervene *de novo*, while reviewing the district court's related findings of fact for clear error.  *See Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008).  This Court reviews a district court's denial of permissive intervention for "a clear abuse of discretion." *Id.*

**SUMMARY OF THE ARGUMENT**

The district court correctly overruled Barth's objections to the magistrate judge's order denying his motion to intervene because Barth's interest in the

underlying case was adequately represented by parties in the case. Barth presents

no basis for upsetting the district court's conclusion that the media-intervenors

"professionally litigated their position" and adequately pursued the relief sought by

them and Barth. DE:78 at 2.

This Court correctly dismissed Barth's recusal claim because the Court lacks

jurisdiction over this claim. There is no district court order for this Court to review,

and, in any event, orders denying motions for recusal are not subject to interlocutory

review. Moreover, Barth has presented no information or argument sufficient to

support his claim that the magistrate judge should have recused or been disqualified.

## ARGUMENT

### I.  Because the District Court Did Not Err by Denying Barth's Attempt To Intervene, the Appeal of the District Court's Order Should Be Dismissed

Because "orders denying a motion to intervene are not final orders," this

Court, under its precedent, has only "provisional jurisdiction" to review them.

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008) (quotation marks

omitted). Specifically, under the "anomalous rule,"[3] this Court has "provisional

---

[3] It appears that the "anomalous rule" is followed only in this Court and the Fifth Circuit. Some other courts of appeals treat district court orders denying intervention as of right as final collateral orders reviewable under 28 U.S.C.

7

jurisdiction to determine whether the district court erroneously concluded that the appellant[] [was] not entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), or clearly abused its discretion in denying [his] application for permissive intervention under Rule 24(b)." *Id.* (quotation marks omitted). If the district court did not err when it denied intervention as of right and did not "clearly abuse its discretion when it denied permissive intervention," this Court's jurisdiction "evaporates because the proper denial of leave to intervene is not a final decision." *Id.* (quotation marks omitted).

The district court correctly denied intervention as of right pursuant to Rule 24(a) and did not clearly abuse its discretion under Rule 24(b), and thus, under its precedent, this Court's jurisdiction evaporates.

1. Rule 24(a) "set[s] bounds that must be observed" to protect the parties' "interest in the prompt disposition" of matters and the public's "interest in efficient disposition of court business." *Id.* at 1302 (quoting 7C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1904, at 270 (3d ed. 2007)). Thus, a party seeking to intervene as a matter of right "must establish that '(1) his application to intervene

---

§ 1291. *See Alternative Research & Dev. Found. v. Veneman*, 262 F.3d 406, 408-09 (D.C. Cir. 2001) (discussing the approaches of various courts).

is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.'" *Id.* at 1302-03 (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

The district court found that Barth failed to establish that his interest in the unsealing of the search warrant materials was inadequately represented by parties already in the case. The district court explained that it could "conclude with certainty that the interests of [Barth] are adequately represented" by other parties seeking the same relief. DE:78 at 2. The district court's conclusion was correct.

This Court "presume[s] that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." *Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993). When this requirement is satisfied, representation is adequate if "no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty." *Id.* (quotation marks omitted).

9

Judicial Watch, the Florida Center for Government Accountability, and the media intervenors share Barth's objective of disclosure of as much of the search warrant materials as the law allows. Moreover, there is no evidence of any collusion between those parties and the United States, there is no adverseness between those parties and Barth as to the issues in this case, and, as the district court found, the intervenors "have thoughtfully and professionally litigated their position." DE:78 at 2.

Barth contends that "arguably Media Counsel made two 'fatal mistakes'" at oral argument. Br. 7. But Barth identifies no mistakes, fatal or otherwise.

Barth argues that media intervenors' counsel conceded that the magistrate judge "had probable cause to issue the warrant." *Id.* In fact, the counsel, who lacked access to the affidavit setting forth the basis for probable cause, did not concede this. Counsel for the media intervenors argued that "we think that the public interest [in disclosure] carries over into a Fourth Amendment search and seizure warrant application to this Court based on alleged probable cause." DE:86 at 22. At this point, the magistrate judge interrupted him and said: "Not alleged probable cause, I found there is probable cause." *Id.* Counsel responded: "Indeed you did, your Honor. Thank you for that [clarification]." *Id.*

10

It was the magistrate judge, and not the media intervenors' counsel, who stated that there was probable cause to support the search.  Counsel merely agreed that the magistrate judge had found probable cause.   Indeed, like Barth, the media intervenors' counsel was in no position to endorse or to refute the magistrate judge's finding of probable cause because he had not seen the full affidavit on which the magistrate judge's finding was based.

Barth next argues that the media intervenors' counsel erred by "conced[ing] the Government should 'protect its methods.'"  Br. 8.  Here, Barth cites the following exchange:

> [Magistrate Judge:]   [D]o you concede that, as an abstract matter, maintaining the integrity of the investigation, and particularly the sources and methods of conducting the investigation, can be[,] in the right case[,] a legitimate and sufficient Government interest to overcome the public right of access?
>
> [Counsel:]   Yes, your Honor, with the caveats that the Court has mentioned, in the right case, at the right moment of the right case. . . . I would agree with that principle as a general matter.

DE:86 at 28.

Counsel's statement that, "at the right moment of the right case," the government may protect sources and methods to protect the integrity of an ongoing criminal investigation was not deficient representation.  To the contrary, that abstract

11

principle of law is inarguably correct.  *See United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993) (holding that district court properly withheld judicial materials from the public as a "necessary means to achieving the government's compelling interest in the protection of a continuing law enforcement investigation").[4]

In sum, the district court correctly denied intervention as of right because Barth's interest in the litigation was adequately represented by existing parties.

2.  It does not appear that Barth sought permissive intervention.  *See* DE:119 at 2-3.  In any event, Barth cannot establish the clear abuse of discretion that would be necessary for him to prevail under Rule 24(b).  "If there is no right to intervene as of right under Rule 24(a), [intervention] is wholly discretionary" with the district court.  *Worlds v. Dep't of Health & Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) (quotation marks omitted).  Thus, even where "there is a common

---

[4] *See also Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979); *Media Gen. Ops., Inc. v. Buchanan*, 417 F.3d 424, 431 (4th Cir. 2005) ("the government's interest in continuing its ongoing criminal investigation outweighs the petitioners' interest in having the document open[] to the press and the public"); *In re EyeCare Physicians of Am.*, 100 F.3d 514, 519 (7th Cir. 1996) (affirming decision to keep search warrant affidavits sealed where disclosure "might very likely impair the ongoing criminal investigation"); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (holding that the "government ha[d] demonstrated that restricting public access [was] necessitated by a compelling government interest—the on-going investigation").

question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the [district] court may refuse to allow intervention." *Id.* (quotation marks omitted). Based on the record as a whole—including Barth's proposed reply brief, the materials submitted by the intervenors, and the transcript of oral argument—the district court was justified in concluding that allowing Barth to intervene would not have advanced the judicial decisionmaking process.

## II.    As This Court Has Previously Held, There Is No Jurisdiction over Barth's Recusal Claim, Which, in any Event, Lacks Merit

This Court lacks jurisdiction over Barth's argument that the magistrate judge should have recused himself or been disqualified because Barth does not seek review of a "decision[] of the district court[]," 28 U.S.C. § 1291, or any other orders or decrees of the district court, *see* 28 U.S.C. § 1292, regarding this claim.  This Court thus correctly dismissed this claim in its October 5, 2022 Order.

1.  It is axiomatic that "[f]ederal courts are courts of limited subject-matter jurisdiction," *Thermoset Corp. v. Building Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017), and "'[w]ithout jurisdiction [a] court cannot proceed at all in any cause,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).  "The requirement that

13

jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Id.* at 94-95 (quotation marks omitted).

As the Supreme Court has explained, "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Congress possesses "'the sole power of creating the tribunals (inferior to the Supreme Court) and of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 698 (1992) (quoting *Cary v. Curtis*, 44 U.S. (3 How.) 236, 245 (1845)).

The category of cases assigned by Congress to a particular court is thus found only in "the relevant jurisdictional statutes," *Ankenbrandt,* 504 U.S. at 698, and "is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Gunn v. Minton*, 568 U.S. 251, 256-58 (2013); *Trump v. United States*, 54 F.4th 689, 694 (11th Cir. 2022). Rather, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

14

Barth cannot meet this burden. Indeed, Barth cites no statutory authority for invoking this Court's appellate jurisdiction over his recusal argument. *See* Br. 1-2. And there is none. Congress has granted this Court jurisdiction over "final decisions of the district courts," 28 U.S.C. § 1291, and certain interlocutory rulings from district courts, 28 U.S.C. § 1292(a)-(b), but no statute grants this Court jurisdiction to hear appeals taken directly from an order by a magistrate judge. Thus, as this Court has repeatedly held, "[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)); *accord United States v. Brown*, 441 F.3d 1330, 1352 (11th Cir. 2006) ("We lack jurisdiction to review the magistrate judge's order because [appellant] never appealed the ruling to the district court.").

Here, Barth does not even have an order from the magistrate judge regarding recusal, and, indeed, it does not appear that Barth even asked the magistrate judge to recuse. *See United States v. Votrobek*, 847 F.3d 1335, 1339 (11th Cir. 2017) (holding that an argument not raised in the district court is forfeited); *cf. Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1309 (11th Cir. 2020) (observing that this Court is a "court of review, not a court of first view" (quotation marks omitted)).

15

Moreover, even a district court order regarding recusal is interlocutory and not immediately appealable to this Court. *Wyatt v. Rogers*, 92 F.3d 1074, 1080 (11th Cir. 1996).

2. Even if this Court had jurisdiction—and it does not—Barth's argument is entirely meritless. A judge "is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quotation marks omitted). Yet Barth presents no evidence suggesting bias on the part of the magistrate judge. *Cf. In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001) (judges must prevent "recusal on demand" from "provid[ing] litigants with a veto against unwanted judges"). Notably, no party to the proceeding, including the many entities permitted to intervene, has sought the magistrate judge's recusal or disqualification.

16

## CONCLUSION

For the foregoing reasons, this appeal should be dismissed.

Respectfully submitted,

JACK SMITH
Special Counsel


 */s/ Jeffrey M. Smith*
JEFFREY M. SMITH
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave, N.W.
Room 6500
Washington, D.C. 20530
Telephone: (202) 532-0220
Jeffrey.Smith5@usdoj.gov

17

**Certificate of Compliance**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,696 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-based typeface using Microsoft Word, 14-point Times New Roman.

*/s/ Jeffrey M. Smith*
Jeffrey M. Smith

18

**Certificate of Service**

I hereby certify that seven copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 18th day of January, 2023, and that, on the same day, the foregoing brief was filed using CM/ECF and served via CM/ECF on appellant.

 */s/ Jeffrey M. Smith*
Jeffrey M. Smith